In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00136-CV


______________________________





ESTATE OF MARTHA WATKINS HARRIS, DECEASED





 


On Appeal from the County Court at Law


Rusk County, Texas


Trial Court No. 01-181-P




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jim Dudley, Mary Dudley, Kelli Dudley Kelley, and Kasie Dudley Thibodeaux, the
appellants in this case, have filed a motion seeking to dismiss their appeal. Pursuant to Rule 42.1
of the Texas Rules of Appellate Procedure, their motion is granted. See Tex. R. App. P. 42.1. 

 We dismiss the appeal.


 Jack Carter

 Justice


Date Submitted: April 22, 2008

Date Decided: April 23, 2008



ign: center">Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Geoffrey Beiser appeals from a misdemeanor conviction for assault. He was found guilty
by a jury, and the trial court assessed his punishment at 300 days' confinement in county jail,
probated for eighteen months, and a $500.00 fine. Beiser raises one issue on appeal: the sufficiency
of the evidence to support the jury's rejection of his self-defense theory. 
            The evidence in this case comes from a single witness, Sharon Hackler. She was (and is)
Beiser's fiancee. Her testimony in response to questions by the State was that they had an argument,
but did not remember what it was about. She testified that, during the argument, she came up to him
and grabbed him by his shirt and threw her rings at him and that, at one point, he knocked her to the
ground, causing her pain, and that he had his hands around her neck. She testified that she then made
a telephone call to her daughter to try to get him to leave and that, while she was on the telephone,
he packed his belongings. Hackler testified that he asked who she was talking to, that she told him
it was none of his business, and that he responded he might make it his business, that she told him
to hurry up and get out or she would call the police. She then called the police. Beiser left before
they arrived.
            On cross-examination, Hackler testified that Beiser would not have gotten physical with her
had she not attacked him, that he did not use his hand to smash her head against the floor, and that
they both fell to the floor together while his hands were around her neck. She testified that she felt
that he had defended himself from her and that she was the one that was more angry and telling him
to get out. 
            On redirect, Hackler admitted that she had not attacked Beiser with her fists, or scratched him
and that as they went down, she hit her head. 
            On recross, Hackler agreed that she did attack Beiser and stated that she had not so informed
the police, and that her head hurt that night but not the next day. 
            Hackler also testified in response to questions by the State that their seven-year relationship
(and four-year engagement) had never involved such actions either by her or by him and that it was
entirely nonviolent save only for this one situation. 
            Beiser took the position at trial that the evidence showed he was acting in defense of his
person and that he did not act unreasonably in so doing. 
            When reviewing legal sufficiency of the evidence to support a verdict, we view all of the
evidence in the light most favorable to the verdict, asking whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307 (1979); Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). In reviewing
the legal sufficiency of evidence to support rejection of a defense such as self-defense, we examine
all of the evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense and also could have found beyond a
reasonable doubt against the defendant on the self-defense issue. Saxton v. State, 804 S.W.2d 910,
914 (Tex. Crim. App. 1991).
            The defendant has the burden of producing some evidence to support the claim of
self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant
produces such evidence, the State has the burden of disproving the defense. Id. The burden of
persuasion does not require the State to produce evidence; rather, it requires only that the State prove
its case beyond a reasonable doubt. Id. When the jury finds the defendant guilty, it implicitly finds
against the defensive theory. Id.
            The factual sufficiency standard for guilt requires the reviewing court to ask whether a neutral
review of all the evidence demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). A factual sufficiency challenge to a verdict implicitly rejecting a defense requires us to
review all of the evidence in a neutral light and ask whether the State's evidence, if taken alone, is
too weak to support the finding and whether the proof of guilt, although adequate if taken alone, is
against the great weight and preponderance of the evidence. Zuliani, 97 S.W.3d at 594-95; Bowen
v. State, No. 02-02-00239-CR, 2003 WL 21806930, *7 (Tex. App.‒Fort Worth Aug. 7, 2003, no pet.
h.).
            Beiser argues the evidence is insufficient to support rejection of his affirmative defense
theory of self-defense. Tex. Pen. Code Ann. § 9.31(a) (Vernon 2003) provides that a person is
justified in using force against another when and to the degree he reasonably believes the force is
immediately necessary to defend himself against the other's use or attempted use of unlawful force. 
As acknowledged by counsel, the prosecution and the defense elicited conflicting testimony–from
the only witness–about whether Beiser's actions were in response to hers, and whether she believed
his actions were reasonable in response to her actions. Reviewing the evidence in the light most
favorable to the verdict, there is some evidence from which a fact-finder could find against Beiser
on the self-defense issue.
            The remaining question is whether that same evidence is factually sufficient, that is, whether
it is too weak to support the jury's finding against Beiser on the issue of self-defense and, although
adequate if taken alone, whether the finding is against the great weight and preponderance of the
evidence. 
            The weakness of the evidence is that the victim testified she initiated the conflict, grabbed
him first, broke his necklace, and threw her rings at him. She admitted being angry and screaming. 
In conclusory statements, she stated that Beiser would not have gotten physical if she had not, that 
she would "guess" she was attacking him by grabbing his shirt, and that she felt he was defending
himself. 
            On direct examination, she further testified he knocked her to the ground with his hands
around her neck, causing her pain. Throughout her testimony, Hackler stated that her only physical
action toward Beiser was to grab his shirt. There is no evidence that she ever struck him or that
Beiser reasonably believed force immediately was necessary to protect himself against Hackler's use
or attempted use of unlawful force. 
            Viewing the evidence in a neutral light, we find that the State's evidence is not too weak to
support the jury's rejection of Beiser's self-defense theory. Further, the jury's finding of guilt is not
against the great weight and preponderance of the evidence. 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 24, 2003
Date Decided:             November 26, 2003

Do Not Publish